In the Matter of the Appraisal for Taxation, under the Act in Relation to Taxable Transfers of Property, of the Estate of JAY GOULD, Deceased.

GEORGE J. GOULD et al., as Executors and Trustees, Respondents and Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK et al., Appellants and Respondents.

1. TRANSFER TAX ACT — MEANING OF "TRANSFER." The word "transfer," in the act in relation to taxable transfers of property (L. 1892, ch. 399, § 1), is used in its ordinary legal signification, namely, that the owner of a thing delivers it to another with the intent of passing the rights which he has in it to the latter.

2. TRANSFER BY WILL — PAYMENT OF DEBT. The transfer by will, subjected to taxation by the act of 1892, is not intended to be limited to property gratuitously given by will, but extends to a testamentary transfer in payment of a debt.

3. TRANSFER BY WILL — ACCEPTANCE. It matters not what the motive of a transfer by will may be, whether to pay a debt, discharge some moral obligation, or to benefit a relative. If the devise or bequest is accepted by the beneficiary, the transfer is made by will, within the meaning of the Transfer Tax Act.

4. TESTAMENTARY TRANSFER IN PAYMENT OF DEBT FOR SERVICES — SUBJECTION TO TRANSFER TAX. A codicil contained the following provision: "My beloved son, G. J. G., having developed a remarkable business ability, and having for twelve years devoted himself entirely to my business, and during the past five years taken entire charge of all my difficult interests, I hereby fix the value of his said services at five millions of dollars, payable as follows" — specifying a sum in cash and the balance in certain bonds and stocks. In a proceeding of appraisal for taxation, under the Transfer Tax Act of 1892, it was found that the testator intended, by the above provision, to discharge his debt to his son, arising from an agreement for the rendition of services and for their compensation, and that the amount specified was agreed upon by the parties. It further appeared that the son had consented to accept payment for his services under the testamentary provision, and that he had accepted the benefit of the provision. *Held*, that the transfer of the specified property to the son was a transfer by will, and therefore subject to taxation.

*Matter of Gould*, 19 App. Div. 352, modified.

(Argued June 8, 1898; decided October 4, 1898.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

July 2, 1897, affirming an order made by the surrogate of the county of New York adjudging the amount of taxes to be paid by the property of the estate of Jay Gould transferred by will, under the act in relation to taxable transfers of property (L. 1892, ch. 399).

The facts, so far as material, are stated in the opinion.

*David B. Hill, John R. Dos Passos* and *Edmund Francis Harding* for the comptrollers of the state and city of New York. The testamentary provision of $5,000,000 to George J. Gould was not in payment of any legal debt, but was a gift or gratuity from decedent, and liable as such to taxation. (*Matter of Doty,* 7 Misc. Rep. 193; *Gibbons' Estate,* 16 Phila. 218; *Matter of Wright,* N. Y. L. J., Nov. 5, 1891; *Boughton* v. *Flint,* 74 N. Y. 482; *Reynolds* v. *Robinson,* 82 N. Y. 108; *Matter of Sidell,* N. Y. L. J., March 9, 1893; *Matter of Myers,* N. Y. L. J., May 26, 1891; *Ulrich* v. *Ulrich,* 136 N. Y. 123; *Avery* v. *Ackert,* 46 N. Y. Supp. 1085; *Hall* v. *Hall,* 44 N. H. 293; *Lendig* v. *Cooner,* 47 Penn. St. 543; *Matter of Gallagher,* 153 N. Y. 364; *Gall* v. *Gall,* 29 Abb. N. C. 19; *People ex rel.* v. *Barker,* 150 N. Y. 57; *Williams* v. *Crary,* 4 Wend. 444; *Fort* v. *Gooding,* 9 Barb. 371.) If there was a contract to pay by will, the payment is, nevertheless, taxable. (*Matter of McPherson,* 104 N. Y. 316, 317; *Tyson's Appeal,* 10 Penn. St. 220; L. 1892, ch. 399; *Matter of Green,* 153 N. Y. 223; Blackstone, Book II, 294, 378.)

*John F. Dillon* and *Harry Hubbard* for the executors and trustees. The legacy in favor of George J. Gould was in satisfaction of a debt, and is not taxable under the Transfer Act. (*Johnson* v. *Hubbell,* 10 N. J. Eq. 332; *Jacobson* v. *Exrs. of La Grange,* 3 Johns. 199; *Martin* v. *Wright's Admrs.,* 13 Wend. 460; *Parsell* v. *Stryker,* 41 N. Y. 480; *Collier* v. *Rutledge,* 136 N. Y. 621; 1 American Law of Administration, 58; *Matter of Rogers,* 30 N. Y. S. R. 943; *Matter of Hulse,* 39 N. Y. S. R. 302; *Williamson* v. *Naylor,* 3 Y. & Coll. 208; Hanson on Probate Legacy & Suc-

cession Duties Act [2d ed.], 81 ; Dos Passos on Inheritance Taxes, 127, 190, 229.)

PARKER, Ch. J.    In a codicil to the last will of Jay Gould appears the following : " My beloved son George J. Gould having developed a remarkable business ability, and having for twelve years devoted himself entirely to my business, and during the past five years taken entire charge of all my difficult interests, I hereby fix the value of his said services at five millions of dollars, payable as follows : Five hundred thousand in cash, less the amounts advanced by me for the purchase of a house for him on Fifth avenue, New York city, and such amount as I shall hereafter advance to purchase stables ; five hundred thousand dollars in Missouri Pacific Railway Co. six per cent consolidated mortgage bonds ; five hundred thousand dollars in St. Louis, Iron Mountain & Southern Railway Co. consolidated five per cent bonds ; five hundred thousand dollars in Missouri Pacific Railway Co. trust five per cent bonds ; ten thousand shares of the stock of the Manhattan Elevated Railway Company ; ten thousand shares of the stock of the Western Union Telegraph Company, and ten thousand shares of the stock of the Missouri Pacific Railway Company — all the foregoing bonds and stock to be treated as worth par ; and the receipt of the said George J. Gould in full for the said services and all other services down to the time of my death not otherwise paid for by me during my lifetime, unless I shall hereafter by a different testamentary provision provide, shall be all the voucher required by my executors and trustees."

Upon the hearing before the appraiser evidence was introduced tending to show an agreement between Jay Gould and George J. Gould that the latter should perform services of an important nature for the former, who in turn should compensate George J. for such services, and that the provision quoted was inserted to provide such compensation and for no other purpose ; and further that such sum was agreed upon by the parties.    In

the appraisement proceedings this was found as a fact, and the Appellate Division having affirmed such finding it is not open for inquiry in this court, and the further discussion will treat as established that it was the purpose of the testator by this provision of the codicil to his will to discharge his debt to his son. It should further be observed that George J. Gould consented to accept payment for his services under this provision. He testified upon that subject as follows : " Q. You are the son of the late Jay Gould ? A. Yes. Q. Mr. Gould, in the eighth article of the second codicil of your father's will there is a provision which I shall ask you to read for the purpose of refreshing your mind. (Copy will handed to witness, who looks at same.) When did you first know of that provision, and in what manner and under what circumstances ? A. A week before my father's death ; about a week. Q. State the circumstances ? A. He was sick in bed, and he told me where his will was and told me to go and get it, and when I had gotten it he asked me to open the envelope and read it through, which I did ; then he asked me if I understood it ; I said I did, and then he asked me whether this provision which he had made — the one I have just read — was satisfactory to me ; I told him it was. Q. When you say he asked you whether the provision which was made was satisfactory to you he had reference to the provision as it now stands in the will, which is contained in the eighth paragraph of the second codicil ? A. Yes."

He could have refused compensation in this manner, and had he done so whatever sum he might have recovered against the estate under the agreement with his father would not have been taxable under the Taxable Transfer Act, for there would have been in such case no transfer by will. This he did not do ; but instead elected to accept a transfer of a certain amount of money, bonds and stocks under the will in compensation for his services, and the question is, is the money and property thus transferred taxable ? To that question the statute must furnish the answer.

The statute reads : "*A tax shall be and is hereby imposed*

*upon the transfer of any property * * * when the transfer is by will.*" It will be noted that the imposition of the tax is not limited to property gratuitously given by will, but is extended to *all* property so transferred. Was not the property mentioned in this codicil transferred by will? Certainly it was, for the title to the bonds and stocks described in the codicil was taken away from the estate of Jay Gould and vested in George J. Gould under and by virtue of the second codicil of the will and such property is, therefore, taxable under the express provisions of this statute. If Jay Gould did owe his son George $5,000,000 for services, and we must assume that he did, he selected a method of payment which brought the transaction within the taxing provisions of the statute. Whether this action was taken by Jay Gould for the purpose of absolutely securing to the state the tax, or because he wished to retain possession of all his property during his life, or for some other satisfactory reason, we need not inquire. The question of motive on the part of the testator is not for our consideration. We are now dealing with a taxing statute which undertakes to tax all property transferred by will and which is applicable to every transaction of that kind, whether advisedly or mistakenly entered upon and carried out.

Neither the taxing officers nor the courts are at liberty to hold that because Jay Gould might have paid his debt to his son George in such a manner as to have freed the property from the burden of a tax, therefore a different transaction, one upon which the statute expressly imposes a tax, shall be treated as the equivalent of the other and given the same effect. So far in the progress of this proceeding the question as to the right of the state to collect a tax upon the property has been disposed of by the courts below as if the statute provided in terms that only property "gratuitously given by will" should be taxed. But the statute does not so provide, and the duty of the courts is to read it as it is written. It is certainly within the constitutional power of the legislature to tax all property transferred by will, whether the motive of the testator be to make a gift or pay a debt, and the language,

absolutely unambiguous and free from saving clauses, which the legislature employed to accomplish that result, affords the best indication that the word "transfer" in the statute is used advisedly and according to its ordinary legal signification, which is that the owner of a thing delivers it to another person with the intent of passing the rights which he has in it to the latter. (Bouvier's Law Dic.) Indeed, it can easily be imagined that the legislature aimed to prevent parties from avoiding payment of the tax by changing intended beneficiaries into testamentary creditors. It matters not what the motive of a transfer by will may be, whether to pay a debt, discharge some moral obligation, or to benefit a relative for whom the testator entertains a strong affection, if the devise or bequest be accepted by the beneficiary, the transfer is made by will, and the state by the statute in question makes a tax to impinge upon that performance.

That Jay Gould attempted to transfer the property mentioned in the codicil to his son George by will appears upon the face of the instrument. That the son agreed to accept the transfer of the property to him by that method, appears from his testimony that he stated to his father that the provision for compensation was satisfactory, and that he has accepted the benefit of this provision is unquestioned. The result, therefore, is a transfer to him by will of the property therein described, and the statutory command that upon property thus transferred a tax should be imposed must be obeyed.

The market value of this property was found to be $4,201,250, and the tax thereon is the sum of $42,012.50.

The order appealed from, therefore, should be so modified as to adjudge that the taxes on the share or interest of George J. Gould is the sum of $132,784.44, and as thus modified the order should be affirmed, with costs to the appellant comptrollers.

All concur.

Order modified.