(29 Misc. Rep. 557.)

ISAACS v. ISAACS.

(Supreme Court, Special Term, New York County. November, 1899.)

DIVORCE—ADULTERY—SUFFICIENCY OF EVIDENCE.
    In an action for divorce there was evidence that defendant left her
home the same day that one B. left his, and that they had been friendly
for some time. On one or two occasions plaintiff's employé, calling at
plaintiff's apartments, found the door locked. It was opened in two or
three minutes, and defendant, fully dressed, was seen in the apartment,
with a man, who on one occasion had his coat off. It did not appear
whether the apartment was a room or flat, nor whether it was warm or
cold. There was no evidence that the man was B., or that defendant and
B. left home together. Held insufficient to show adultery.

Action by Morris Isaacs against Bertha Isaacs for divorce. No
appearance for defendant. Order entered restoring the case to the
calendar.

(29 Misc. Rep. 550.)

In re NIVEN.

(Supreme Court, Special Term, New York County. November, 1899.)

TRANSFER TAX—REAPPRAISEMENT—ERROR OF FACT.
    Failure of the appraiser to tax a bequest, under a mistaken theory that
it was not subject to the transfer tax, is not a "fraudulent, collusive or
erroneous determination," within Laws 1896, c. 908, § 232, permitting a re-
appraisement in such cases. The statute contemplates only errors of fact.

In the matter of the estate of Maria Louisa Niven, deceased.  Application by the state comptroller for a reappraisal of a legacy subject to transfer tax.  Denied.

E. H. Fallows, for the motion.

Anderson & Anderson, opposed.

BOOKSTAVER, J. · This is an application made by the state comptroller for a reappraisal under section 232 of chapter 908 of the Laws of 1896.  The facts upon which the application is based are as follows:

In June, 1896, Maria Louisa Niven died, leaving a will which, in one of its clauses, provided as follows:

"I give and bequeath to my friend and legal adviser, Chauncey M. Depew, as a mark of affection, esteem, and recognition of his devotion to my interests for many years, $200,000."

Mr. Depew and two other legatees under the will were made executors, and a provision was made that, in view of such bequests, no commissions should be charged by the executors.  Subsequently an appraisal of her estate was had, and in his report the appraiser finds:

"I further report that the legacy passing to Chauncey M. Depew for services rendered testatrix during her lifetime, and in lieu of commissions, is not subject to said tax."

And on December 3, 1897, this report was confirmed by an order of the surrogate.  No appeal was taken from this order, for the reason that at the July term of 1897 the appellate division had decided (In re Gould, 19 App. Div. 352, 46 N. Y. Supp. 506) that a legacy in payment of a debt due for services rendered the testator was not subject to a transfer tax.  But in October, 1898, the court of appeals (156 N. Y. 423, 51 N. E. 287) reversed that decision, and held that such a bequest was taxable, although it was in payment of a debt.  The comptroller now, in the light of the last decision, seeks to reopen the question of the appraisal of the bequest mentioned, basing his petition upon section 232, c. 908, Laws 1896, which in part provides that:

"Within two years after the entry of an order or decree of a surrogate determining the value of an estate and assessing the tax thereon, the comptroller of the state may, if he believes that such an appraisal, assessment or determination has been fraudulently, collusively, or erroneously made, make application to a justice of the supreme court of the judicial district in which the former owner of such estate resided, for a reappraisal thereof.  The justice to whom such application is made may thereupon appoint a competent person to reappraise such estate."

The counsel for the comptroller claims that the former appraisal was erroneously made, and that this application comes within the section just quoted.  The counsel for the legatee contend, on the other hand, that only errors of fact were intended to be covered by that section, while the error in this case was one of law, that should have been corrected by an appeal,—a remedy which, by an earlier provision of the same section, is given to any party who feels aggrieved by the surrogate's decision.  That the latter view is the correct one, I am satisfied.  That the error in this case was purely one of law is evidenced from the finding of the appraiser.  So far from

there being an "appraisal, assessment or determination  \*  \*  \*
erroneously made," there was none made at all, for the reason that
both appraiser and surrogate took the view, which ultimately proved
to be mistaken, that none was necessary. It should be observed that
the word "determination," as used in the statute, takes its meaning
from the words immediately preceding, namely, "order or decree of
a surrogate determining the value of an estate." No reported case
in this state is called to my attention, although it is stated in the
excellent and instructive brief of the comptroller's counsel that, im-
mediately after the enactment in question, Mr. Justice Herrick grant-
ed an order for a reappraisal of the McKensie estate on the ground
that shares of stock in a foreign corporation had been erroneously
appraised and found not taxable; a subsequent decision of the court
of appeals in that case, as in this, having thrown a new light on the
question passed upon. In the absence of anything to show that there
was any opposition or discussion of the application before Judge
Herrick, that decision cannot be regarded as a precedent. The Penn-
sylvania courts have passed upon the principle of the question here
involved, although upon different statutory language. In Re Money-
penny's Estate, 181 Pa. St. 312, 37 Atl. 589, the court said:

"The ground of this second appraisement was that the New York land had
been converted into personalty by the testator's direction to sell, and that the
first appraiser had omitted it. The fact of such omission was conceded. The
auditor found expressly that the omission was not induced by any fraud or
concealment, and the undisputed evidence shows that it was not the result of
accident or of mistake, in any proper legal sense, but was done intentionally
by the appraiser upon his view of the law. The error, if there was one, was
due to the appraiser's erroneous judgment, deliberately reached upon knowledge
of all the facts. The commonwealth seeks, and the court has sustained, a
second appraisement to revise this judgment of the appraiser. Clearly, this
cannot be done. The plain statutory remedy for such a case is not a second ap-
praisement, but an appeal from the first. It does not admit of doubt that,
if the commonwealth had appealed, the court would have reviewed the apprais-
er's action and corrected any error. This fact alone is conclusive that an appeal
was the proper and exclusive remedy."

The comptroller's attorney invokes the rule that statutes are to
be construed in the light of the evil sought to be remedied, and re-
cites the history of the attempt and failure to tax certain estates,
and says that the comptroller, moved by such failure, went to the
legislature and secured the passage of the amendment relied upon in
this application. One objection to applying that rule in this case is
that the evil referred to was not long continued and open, and one
that could be assumed to be in the minds of the legislators when they
enacted the law. A right of appeal already existed. If the intent
had been, as is contended, to extend this right, as to the comptroller,
for a period of two years, instead of two months, as it had been
previously, the natural course would have been to amend the exist-
ing portion of the act allowing an appeal by saying, in direct words,
that the comptroller should have such right of appeal for a term of
two years. There was added, however, an entirely new provision,
framed in entirely different language, and language that is apt and
suitable to describe grounds upon which judgments or other determi-
nations of courts may so generally be attacked after the time to ap-

peal has expired. It is noteworthy that the period of time fixed upon by this amendment is the same as is allowed by section 1290 of the Code for moving to set aside a final judgment for error in fact not arising upon the trial. My conclusion is that only errors of fact were intended to be embraced by the language relied upon, and that this application, based upon what was emphatically an error of law, must be denied.

Application denied.