was "the father of said child so likely to be born a bastard," and the mother had declared on oath that "the said child was likely to be born a bastard, and to be chargeable to said city of New York."

The judgment appealed from should be affirmed, with costs. All concur.

---

### In re ROGERS' ESTATE.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. TRANSFER TAX—EXERCISE OF POWER OF APPOINTMENT—EFFECT.

Laws 1896, c. 908, art. 10, § 220, subd. 5, as amended by Laws 1897, c. 284, provides that "whenever any person shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will." A testator devised certain property to his wife for life, with power to dispose of the same by will, and she, in the exercise of such power, bequeathed the residue of her estate to her brother. *Held* that, for the purposes of taxation, the property was to be regarded as passing directly from sister to brother, and taxable at 1 per centum, under section 221, and not taxable at 5 per centum, as passing to a stranger in blood.

2. SAME—WILL—TRANSFER FOR PURPOSE OF PAYING DEBTS.

Laws 1896, c. 908, art. 10, § 220, subd. 1, providing that "a tax shall be and is hereby imposed upon the transfer of any property * * * when the transfer is by will," covers any transfer made by will, whether for the purpose of paying debts or as a gratuity.

Appeal from order of surrogate, Orange county.

Proceedings to settle the collateral legacy and inheritance tax against the estate of John L. Rogers, deceased. From an order of the surrogate confirming the report of the appraiser, Wilmer S. Wood and another, trustees under the will of Virginia B. Rogers, deceased, and Wilmer S. Wood personally, appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

Egerton L. Winthrop, Jr., for appellants.

George M. Judd (Edward H. Fallows, on the brief), for respondent.

WOODWARD, J. John L. Rogers died on or about December 2, 1869, leaving a last will and testament and codicil, which were, on or about February 15, 1870, duly admitted to probate by the surrogate of the county of Orange. By the terms of this will, the testator gave a life estate of real and personal property to his widow, Virginia B. Rogers, now deceased, and authorized and empowered her to dispose of such real and personal property by will, and, in case of her failure to exercise this power, a life estate in the said property was given to her brother, the appellant Wilmer S. Wood, with remainders over at his death to the heirs at law and next of kin of Virginia B. Rogers, according to the laws of New York in cases of intestacy. Virginia B. Rogers died April 30, 1900, leaving a last will and testament, which was duly admitted to probate by the surrogate of Orange county on

June 11, 1900, by the terms of which she appointed the appellants Wilmer S. Wood and William Jay her executors, and duly exercised the power of appointment as to all the property, real and personal, given her by the will of her said husband, John L. Rogers. After directing her executors to pay all her debts, including a loan of $15,000 secured by her bond, and the accumulated interest thereon, held by the appellants and trustees of the estate of Silas Wood, deceased, for moneys advanced by them to her, and after making various bequests of money to several persons and corporations, the testatrix appointed all the rest, residue, and remainder of the fund so left by her husband, and over which she had power of appointment, including any legacies which might have lapsed, to her brother, the appellant Wilmer S. Wood, absolutely. E. E. Roosa, having been appointed appraiser under the taxable transfer act by the surrogate of Orange county, made a report on the 15th day of January, 1901, in which he held that the whole of the fund, amounting to the sum of $115,525.81, passing by virtue of the power of appointment (except the legacy of $2,500 to the Board of Missions of the Protestant Episcopal Church, which was exempt), was taxable as though the same had passed directly from John L. Rogers, the donor of the power, to the several appointees named in the will of the donee of such power; and that, accordingly, the direction of the said donee to pay the principal of the said bond to the trustee of the estate of Silas Wood, deceased, and the accumulated interest thereon, amounting in all to the sum of $22,125, was a transfer under the act, and taxable as such; and also that the whole residue of the fund, consisting of $49,007.27 personal property, and $32,393.54 real property, which passed to Wilmer S. Wood, the brother of the donee of the power, was taxable as passing to a stranger in blood, viz., at 5 per centum upon $81,400.81, the total amount of real and personal property passing to him as aforesaid; and, by the order of January 15, 1901, the amount of such tax was fixed at the sum of $4,070. The appellants Wilmer S. Wood and William Jay, as trustees under the last will and testament of Virginia B. Rogers, deceased, and Wilmer S. Wood personally, appeal from this order, and urge that the property passing by virtue of the exercise of the power of appointment created in and by the will of John L. Rogers must be taxed at the same rate, and is subject to the same exemption, as though it belonged absolutely to and passed directly from the donee of the said power. In this, we are of opinion that the appellants are merely asserting their rights under the provisions of the law.

Subdivision 5, § 220, art. 10, c. 908, Laws 1896, as amended by chapter 284, Laws 1897, provides:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

This provision of law was before this court in Re Seaver, 63 App. Div. 283, 71 N. Y. Supp. 544, and it was there held that section 220

expressly declares that it is the exercise, and not the creation, of the power of appointment which effects the transfer upon which the tax is enforced; hence the fund must, for taxing purposes, be regarded as having passed from mother to son, and the case is governed by section 221, and not by section 220; citing authorities at page 286, 63 App. Div., and page 546, 71 N. Y. Supp. Wilmer S. Wood is a brother of Virginia B. Rogers, deceased, and, under the appraisal and order as it now stands, is made subject to a tax of 5 per centum upon both the real and personal property coming to him under the will. If the provision of the statute above cited means anything, it is that, for the purposes of this tax, the property is to be regarded as coming directly from Virginia B. Rogers to her brother; and, under the provisions of section 221, the tax is fixed at 1 per centum upon the personal property alone.

While the exact question was not before the court in Re Vanderbilt's Estate, 50 App. Div. 246, 63 N. Y. Supp. 1079, under a very similar state of facts, the surrogate decided and decreed that the fund was subject to a transfer tax of 1 per centum under and pursuant to chapter 284 of the Laws of 1897; and none of the authorities to which our attention is called gives warrant for the assertion of a different doctrine. This case was affirmed on the opinion below in 163 N. Y. 597, 57 N. E. 1127, and again in 166 N. Y. 640, 60 N. E. 1121, and undoubtedly establishes the law of this case.

The contention of the appellants that, under the direction contained in the will of the donee of the power of appointment to repay the loan heretofore made to her, and for which she had given her bond, out of the fund over which she exercised such power, was not, within the meaning of the act, a transfer, and was not taxable as such, is not in harmony with the law as we understand it. Aided by the learned brief of the appellants, we are unable to distinguish this case, upon this point, from In re Gould's Estate, 156 N. Y. 423, 51 N. E. 287. The theory on which taxation of the devolution of estates at the death of their owners is based, and its validity upheld, is that the right to take property by devise is not an inherent or natural right, but a privilege accorded by the state, which may tax or charge for the same. In re Dows' Estate, 167 N. Y. 227, 230, 231, 60 N. E. 439, 52 L. R. A. 433. The amount of the tax is based, not upon the aggregate value of the estate, but upon the amount which passes to the devisee. When, therefore, the statute provides that, "A tax shall be and is hereby imposed upon the transfer of any property * * * when the transfer is by will" (Laws 1896, c. 908, art. 10, § 220, subd. 1), it must be construed to cover any transfer of property made by will, whether such transfer is for the purpose of paying debts or as a gratuity. The language is absolutely unambiguous and free from saving clauses, and affords the best indication that the word "transfer" in the statute is used advisedly, and according to its ordinary legal signification, which is that the owner of a thing delivers it to another person with the intent of passing rights which he has to the latter. In re Gould's Estate, 156 N. Y. 423, 428, 51 N. E. 287.

It is probably true that debts against the estate may be paid, and that their amount may be deducted before fixing the value of the same

for the purposes of taxation; but it is not the estate which is involved in this transaction, it is the amount transferred under the provisions of the will. In re Westurn's Estate, 152 N. Y. 93, 100, 46 N. E. 315. The creditors of Virginia B. Rogers are not obliged to accept this provision of the will for the payment of their debt; but, if they do accept it, we are unable to discover any way by which they may avoid the payment of the tax which the state imposes as a condition of receiving a transfer under the will of the deceased. This is clearly the doctrine of In re Gould's Estate, supra, and is not inconsistent with In re Westurn's Estate, supra.

The order appealed from should be modified so as to adjudge that the personal property passing under the will of Virginia B. Rogers, by virtue of the power of appointment given under the will of John L. Rogers, deceased, is taxable at the reduced rate of 1 per centum, and, as so modified, affirmed.

Order modified so as to adjudge that the personal property passing under the will of Virginia B. Rogers, by virtue of the power of appointment given under the will of John L. Rogers, deceased, is taxable at the reduced rate of 1 per centum, and, as thus modified, affirmed, without costs. All concur.

---

### In re WALLACE.

(Supreme Court, Appellate Division, First Department. April 18, 1902.)

2. SAME—JURISDICTION—PETITION—AFFIDAVIT.
   Where an application for a commission to take testimony without the state in proceedings to fix a transfer tax on certain money is based on a petition, and also on an affidavit, which latter states that the money was the proceeds of the sale of an interest in a partnership in the city of New York, and was deposited in a bank in that city in the name of the wife of the seller, since deceased, it gives the surrogate of New York county jurisdiction, though the petition was insufficient in that it did not show that the property was ever in such county.

3. CONSTITUTIONAL LAW—PRIVATE BILL—TITLE.
   Laws 1900, c. 658, amending Laws 1896, c. 908, art. 10, by providing that public appraisers of transfer taxes be appointed in the three large cities of the state, instead of an appraiser being appointed by the surrogate in each case, is not a private or local bill, but an amendment to a general law, and does not violate Const. art. 3, § 16, providing that no private or local bill can embrace more than one subject, and that shall be expressed in the title.

Appeal from surrogate's court, New York county.

Proceedings to fix a transfer tax on certain money transferred by Theodore C. Wallace, since deceased, to his wife, Lucy E. Wallace. From an order of the surrogate's court directing a commission to issue for the purpose of taking testimony without the state, Lucy E. Wallace and others appeal. Affirmed.