it is made "by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death." The transfer referred to in this subdivision is a gratuitous transfer, or, in other words, a gift. Matter of Hess, 110 App. Div. 476, 96 N. Y. Supp. 990, affirmed 187 N. Y. 554, 80 N. E. 1111. If the grantor, although old and infirm and contemplating his early demise, conveys his real estate in the ordinary course of business for a valuable consideration, such transfer is not subject to a transfer tax. It is only when the conveyance, to the grantee is not supported by a valuable consideration, and is made in contemplation of the death of the grantor, or intended to take effect in possession or enjoyment at his death that it is subject to a transfer tax.

[2, 3] To justify the imposition of a tax upon the decedent's interest in the real estate in question, it was incumbent upon the state comptroller to show that the deed was given by the grantor as a gift to the grantee and that it was given in contemplation of the death of the grantor, or that the transfer was limited in such a way that it could not take effect in possession or enjoyment until after her death. The deed executed by the decedent on the 14th of December, 1911, conferred upon her daughter all the rights of a joint tenant in the real estate therein described. Among these were the right of survivorship. If this right was a gift from the decedent to her daughter, it would be subject to a tax. But the evidence submitted to the appraiser does not show that it was a gift. The deed recites that the conveyance was made for "$1 and other good and valuable consideration." This statement in the deed was not successfully impeached by the state comptroller. Therefore, as the daughter's right to take the real estate as survivor was derived from the deed, and the latter was given by the grantor for a valuable consideration, it is not a taxable transfer. Matter of Hess, supra; Matter of Heiser, 85 Misc. Rep. 271, 147 N. Y. Supp. 557; Matter of Klatzl, 149 N. Y. Supp. 794.

The order fixing tax will be affirmed.

---

(87 Misc. Rep. 517)

## In re SLOSSON'S ESTATE.

(Surrogate's Court, New York County. November 5, 1914.)

1. WILLS (§ 506*)—POWERS—FAILURE TO MAKE APPOINTMENT—PERSONS ENTITLED TO TAKE.

Where a testator directed his trustees to pay the income from part of the trust fund to his daughter J. for life, and on her death to pay over the fund as she by her last will should direct, and in default of a will to pay the same to those who by law would be entitled to receive it if she died intestate seised of the property in her own right, the persons entitled to take in case of a default of the exercise of the power were those entitled to inherit personal property under the laws of New York, which would be J.'s husband and next of kin.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1090–1099; Dec. Dig. § 506.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WILLS (§ 524*)—POWERS—FAILURE OF APPOINTMENT—"NEXT OF KIN."

Where a power of appointment authorized J. to bequeath the remainder of a trust fund, and provided that in case of a default it should pass to those entitled to inherit from J. in case she died intestate, the persons who would take the fund in default of appointment could not be determined until J.'s death, since until that time she could not have "next of kin."

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1116–1127; Dec. Dig. § 524.*

For other definitions, see Words and Phrases, First and Second Series, Next of Kin.]

3. TAXATION (§ 861*)—WILLS (§ 781*)—TRANSFER TAX—POWERS—EXERCISE—ELECTION.

Where a power of appointment is exercised in favor of those who would take the property if the power had not been exercised, the beneficiaries may elect to take under the will of the grantor of the power, so that, if he died prior to the enactment of the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245), their interest would not be subject to a transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861;* Wills, Cent. Dig. §§ 2013–2017; Dec. Dig. § 781.*]

4. TAXATION (§ 883*)—TRANSFER TAX—POWERS—EXERCISE.

Testator bequeathed certain property to trustees, to pay the income to J. for life, and on her death to pay the fund to whom she should appoint by will, and in case of default in appointment to those who would have inherited the property from her if she had been seised thereof in her own right. J. exercised the power by bequeathing $5,000 of the fund to her husband, $500 to G., directing that her debts be paid out of the fund, and the balance to her issue surviving per stirpes. *Held*, that she thereby made a valid exercise of the power, and hence her children, so far as their interests were concerned, were not entitled to elect to take under their grandfather's will so as to avoid payment of the transfer tax; the grandfather having died prior to the enactment of the Transfer Tax Law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1705; Dec. Dig. § 883.*]

5. TAXATION (§ 883*) — TRANSFER TAX—POWERS — EXERCISE — PAYMENT OF DEBTS.

Where a cestui que trust was authorized to appoint the disposition of the trust fund after her death, she was authorized to direct that her debts be paid out of the fund; and, she having done so, the amount paid by the trustees to her creditors was subject to transfer taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1705; Dec. Dig. § 883.*]

6. TAXATION (§ 895*)—TRANSFER TAX—INDEBTEDNESS.

Where testatrix, having a right to appoint the disposition of a trust fund, directed that a portion should be given to her husband and another, that her debts be paid out of the fund, and the balance be paid to her issue per stirpes, one of whom was her daughter A., to whom decedent was not indebted at her death, but who advanced to the executors money with which to pay claims against decedent's estate, such advancement did not justify the transfer tax appraiser in including the amount so advanced, when repaid to A. by the trustees, in the taxable interest bequeathed to her by her mother's will.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

Judicial settlement of the estate of Josephine Slosson, deceased. From an order fixing the transfer tax, the executor appeals. Modified and affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. Henry Mosle, of New York City (Hugo Kohlmann and Carroll H. Brewster, both of New York City, of counsel), for appellant.

Edward F. Boyle, of New York City, for respondent.

FOWLER, S. This is an appeal by the executor from the order fixing tax. The decedent, who was a resident of New York, died on the 2d of January, 1913. Her father, Peter Naylor, died on the 27th of November, 1872, leaving a will by which he directed his trustees to pay the income from a certain part of a trust fund to his daughter Josephine during her life, and on her death to pay over said fund as she by her last will should devise, bequeath, or direct, "and in default of such last will to pay over the same to those who by law should be entitled to receive it, had she died intestate, seised or possessed thereof in her own right." Josephine Slosson, the decedent herein, exercised the power of appointment given her by bequeathing to her husband $5,000 of the trust fund. She also gave $500 to Margaret Gillesse, and directed that her debts be paid out of the trust fund. The balance of the trust fund she directed to be paid over to her issue her surviving, per stirpes. Her husband predeceased her. She was survived by three children, and they have elected in this proceeding to take their respective shares of the trust fund under the will of their grandfather, Peter Naylor. The appraiser ascertained the value of the trust fund to be $93,-261. He reported that the shares of the children were subject to a transfer tax, and that the sum of $24,159 paid to decedent's creditors in accordance with the provisions of her will was also subject to a tax. The appraiser's report shows that one of decedent's children was born in 1881; but it does not show when the other two children were born or whether they were in being at the date of death of Peter Naylor, the grantor of the power. It is obvious, therefore, that the child born in 1881 did not, upon the death of Peter Naylor in 1872, take a vested interest in the remainder after the life estate of the decedent in the trust fund.

[1-3] In default of the exercise of the power of appointment, the persons who would be entitled to take the trust fund upon the death of the donee of the power would be those who under the laws of the state of which she was a resident at the time of her death would be entitled to her personal property if she had died intestate. These persons, under the laws of this state, would be her husband and next of kin. But until her death she could have no next of kin. Whittemore v. Equitable Trust Co., 162 App. Div. 607, 147 N. Y. Supp. 607. Therefore it was not until her death that the persons who would take the trust fund in default of the exercise of the power could be ascertained and their interests determined. It has been held that, where a power of appointment is exercised in favor of those who would take the property if the power had not been exercised, they may elect to take under the will of the grantor of the power; and if the grantor died prior to the enactment of the Transfer Tax Law their interests would not be subject to a tax. Matter of Lansing, 182 N. Y. 238, 74 N. E. 882; Matter of Haggerty, 128 App. Div. 479, 112 N. Y. Supp. 1017, affirmed 194 N. Y. 550, 87 N. E. 1120.

[4, 5] The exercise, or in other words the execution, of the power by the decedent herein, prevented the principal of the trust fund from passing to the persons who would take the entire fund if she had died intestate or had failed to exercise the power. Her execution of the power diverted $25,341.12 of the trust fund from her next of kin to persons who would not be entitled to any of the fund if the power had not been exercised. There was therefore a valid exercise of the power by the decedent, and a valid and effective disposition of the trust fund over which she was given a power of appointment by the will of her father. In this proceeding her children say that they elect to take under the will of their grandfather. But a reference to that will discloses that he directed his trustees to pay the trust fund to the persons to whom it was bequeathed by the will of his daughter, the decedent herein, and it was only in default of her disposing of it by her last will that he directed it should be paid to those entitled to take her property under the intestate laws. As she made a valid disposition of the trust fund by her will, the alternative direction to pay over the trust property to her next of kin was rendered ineffective. The children, therefore, cannot take under the will of their grandfather because the contingency upon which their right to take under that will, namely, the failure of their mother to make a valid disposition of the property by will, never took place. As the decedent by her last will executed the power given to her under the will of her father and effectively disposed of the trust fund therein mentioned, the interests of the beneficiaries are subject to a transfer tax. Matter of Cooksey, 182 N. Y. 92, 74 N. E. 880. The children of decedent have not renounced their legacies under her will, and therefore the question of the disposition of the property or its taxation in the event of such a renunciation is not now before the court for determination. The decedent had a right or power to direct that the trustees of the trust fund should pay her debts out of that fund. The sum of $24,840 was so paid by the trustees to creditors of the decedent, and its transfer is taxable under the provisions of the Transfer Tax Law. Matter of Rogers, 71 App. Div. 461, 75 N. Y. Supp. 835, affirmed 172 N. Y. 617, 64 N. E. 1125.

[6] The decedent was not indebted to Alice Slosson at the date of her death. The $682.04 paid to her by the trustees of the trust fund represented various claims against the decedent, which had been settled by Alice Slosson after the death of the decedent, but prior to the distribution of the trust fund. The fact that Alice Slosson advanced to the executor sufficient moneys to pay those creditors, whose claims aggregated $682.04, did not justify the appraiser in including this amount in the taxable interest bequeathed to Alice Slosson.

The order fixing tax will therefore be modified, by deducting this amount from the value of the bequest to Alice Slosson. In all other respects, the order fixing tax is affirmed.