In the Matter of the Transfer Tax upon the Estate of ELLEN L. BUNCE, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; JULIUS PATRICK, as Executor, Respondent. ·

**Tax — legacy to nephew in excess of $500 subject to the transfer tax thereon.**

A legacy to a nephew in excess of $500 falls within the provisions of paragraph 3 of section 221-a of the Tax Law (Cons. Laws, ch. 60, amd. L. 1916, ch. 548) and the whole amount thereof is taxable.
*Matter of Bunce*, 178 App. Div. 954, reversed.

(Argued November 12, 1917; decided November 27, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 25, 1917, which affirmed an order of the Jefferson County Surrogate's Court fixing a transfer tax upon a legacy bequeathed by · the will of Ellen L. Bunce, deceased.

The facts, so far as material, are stated in the opinion.

*Alexander Otis, Lafayette B. Gleason, Schuyler C. Carlton* and *Henry J. Kimball* for appellant. The exemption allowed by the courts below is not conferred

by the statute. (*Matter of Mason,* 69 Misc. Rep. 280; *Matter of Corbett,* 171 N. Y. 516; *Matter of Costello,* 189 N. Y. 288; *Matter of Haley,* 89 Misc. Rep. 24.) Similar language in prior statutes has been construed in accordance with appellant's contention. (*Matter of Costello,* 189 N. Y. 288; *Matter of Rosendahl,* 40 Misc. Rep. 542; *Matter of Garland,* 88 App. Div. 380; *Matter of Mock,* 113 App. Div. 913; 49 Misc. Rep. 283; *Matter of Corbett,* 171 N. Y. 516; *Matter of Mason,* 69 Misc. Rep. 280; *Matter of Haley,* 89 Misc. Rep. 22; *Matter of Denhardt,* N. Y. L. J. April 7, 1916; *Harriott* v. *Bacon,* 110 Iowa, 342.)

*G. S. Hooker* and *H. L. Hooker* for respondent. The exemption was properly allowed. (*Cronine* v. *Kimball,* 24 Pick. 370; *People* v. *Lacombe,* 99 N. Y. 43; *Matter of Jourdan,* 151 App. Div. 8; *Matter of Schwarz,* 156 App. Div. 931; 209 N. Y. 537.)

CUDDEBACK, J. The will of Ellen L. Bunce gave to her nephew a legacy of $647.54. A controversy has arisen between the executors of the will and the comptroller as to the amount of the tax that should be imposed upon the transfer made by this bequest. The executors insist that the tax should be only on the excess of the legacy over $500, while the comptroller argues that the whole amount of the legacy should be taxed.

Section 220 of the Tax Law, Cons. Laws, ch. 60 (as amended by L. 1916, chs. 323, 548) provides for taxing transfers made by decedents of their estates; section 221 grants certain exemptions from the tax; and section 221-a prescribes how the tax shall be computed.

Section 221 says:

" There shall also be exempted from and not subject to the provisions of this article all property or any beneficial interest therein so transferred to any father,

mother, husband, wife, widow or child of the decedent, grantor, donor or vendor if the amount of the transfers to such father, mother, husband wife, widow or child is the sum of five thousand dollars or less; but if the amount so transferred to any father, mother, husband, wife, widow or child is over five thousand dollars, the excess above these amounts, respectively, shall be taxable at the rates set forth in the next section."

Section 221-a of the law which fixes the rate of the transfer tax is divided into three paragraphs. The first paragraph fixes the tax on transfers of property in excess of $5,000 to the father, mother, husband, wife, widow or child of the decedent as mentioned in section 221. The paragraph also fixes the tax on transfers of property in excess of the value of $500 to any lineal descendant of the decedent other than a child, but the paragraph contains no words which exclude from taxation transfers of property *less* than $500 in value to such descendant similar to the words found in the foregoing quotation from section 220 with regard to transfers of property of *less* than $5,000 in value to the persons therein mentioned.

Paragraphs two and three of section 221-a fix the taxes on transfers of property in excess of the value of $500 to a brother or sister of the decedent or any person other than those enumerated in paragraph one. Paragraphs two and three contain no words which exclude from taxation a transfer of property *less* than $500 in value. The legacy to the nephew in this case falls within the provisions of paragraph number three and the whole amount thereof is taxable.

It is not necessary to inquire what moved the legislature in the one case to exempt from taxation transfers of property of less than $5,000 in value and in the other case to tax the whole amount of the transfer if in excess of

the value of $500. It is sufficient to say that such is the plain import of the enactment.

The order appealed from should be reversed and proceeding remitted to Surrogate's Court to fix tax in accordance with this opinion, with costs in this court and in Appellate Division.

HISCOCK, Ch. J., CHASE, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.