Matter of the Estate of ALFRED GWYNNE VANDERBILT, Deceased.

(Surrogate's Court, New York County, February, 1918.)

Transfer tax — assessment of — deduction from assets — ante-nuptial agreement — dower.

> Where by an ante-nuptial agreement decedent agreed in lieu and discharge of his wife's right to dower to give her a certain sum of money during his lifetime or to pay her the same within eighteen months after his death, and payment thereof is not made in his lifetime, the amount of said sum is an indebtedness of his estate to his widow and should be deducted from the assets of the estate in a proceeding to assess a transfer tax.

APPEAL from an order assessing a transfer tax.

Roy C. Gasser, for executors.

Lafayette B. Gleason (John B. Gleason, of counsel), for state comptroller.

COHALAN, S. The transfer tax appraiser deducted from the assets of the estate an alleged indebtedness to decedent's widow amounting to $2,000,000. The state comptroller has appealed from the order entered on the appraiser's report. The decedent died on the 7th of May, 1915, leaving a will by which he bequeathed $2,000,000 to his widow " in full satisfaction and discharge of my covenants made and contained in the ante-nuptial agreement made and executed by and between us on the 15th day of December, 1911, and in lieu and discharge of her right to dower in and to my real estate." That part of the ante-nuptial agreement which is relevant to the question under consideration reads as follows: " *Second.* A. That the said Alfred

32

Surrogate's Court, New York County, February, 1918. [Vol. 102.

Gwynne Vanderbilt by last will and testament or other instrument to take effect and become operative immediately upon his death will give and bequeath or will assign, transfer and set over to the said Margaret Emerson McKim, provided she shall survive him, the sum of $2,000,000 clear of death duties and all other charges and deductions whatsoever, to be paid over to her as soon after his death as may be practicable and convenient in the administration of his estate, and in any case not later than the expiration of eighteen calendar months after his death, with interest from his death to the date of payment at the rate of five per centum per annum. B. That as a separate covenant the said Alfred Gwynne Vanderbilt agrees with the said Margaret Emerson McKim that, provided she shall survive him, his executors or administrators shall within eighteen calendar months after his death pay to her the said sum of $2,000,000 clear of all debts, charges and deductions, with interest at the rate aforesaid from the date of his death.'' There is nothing in the appraiser's report to show whether the widow elected to take the $2,000,000 under the will or to rely upon the obligation created by the ante-nuptial agreement; but it is alleged by the executors that they have transferred to her, '' pursuant to said ante-nuptial agreement, securities of the value of $2,000,000.'' The state comptroller contends that *Matter of Gould,* 156 N. Y. 423, and *Matter of Kidd,* 188 id. 274, are decisive on the question raised by the appeal, while the executors contend that *Matter of Baker,* 83 App. Div. 530; affd., 178 N. Y. 575, is controlling. In *Matter of Gould* the decedent, in a codicil to his will, fixed the value of the services rendered to him by his son at $5,000,000 and directed his executors to pay him that amount. In the proceeding brought to assess a tax upon the estate the son testified that he accepted the amount fixed by

the will in full satisfaction of the services rendered by him. The court held that as the property was transferred by the will of the decedent and accepted by the beneficiary it was subject to a transfer tax. In *Matter of Kidd* the decedent entered into an ante-nuptial agreement with a widow, by which he agreed in consideration of the marriage and the promise to give him $40,000 that he would adopt her daughter, and if there was no issue of the marriage that he would devise and bequeath all his property to the adopted daughter. He made a will, but did not give all his property to the adopted daughter; and in an action brought in the Supreme Court to enforce the contract she recovered judgment. In the proceeding brought to assess a tax upon the estate of the decedent it was held that the value of the property to which she was entitled under the judgment was subject to a tax. I am of opinion that the matter under consideration is distinguishable from both of these cases. In the *Gould* case the beneficiary agreed to accept the amount given to him by the will. It was not an amount determined by previous agreement, but was the valuation placed by the decedent upon his son's services. It might be excessive or it might be inadequate, but if the beneficiary refused to accept it he would be compelled to establish the value of his services in an action brought for that purpose. Having accepted it, however, the property was transferred to him under the will of the decedent and not by virtue of any contract or agreement with his father, and it was therefore subject to a transfer tax. In the matter under consideration the amount to be paid, as well as the time when payment should be made, is determined by the provisions of a contract executed by the decedent for a valuable consideration. The widow, therefore, is entitled to $2,000,000 from the estate of the decedent under the terms of the ante-nuptial agree-

Surrogate's Court, New York County, February, 1918.    [Vol. 102.

ment and not because of the provisions of the will. In *Matter of Kidd* no contract was made by the decedent to pay the adopted daughter any specific sum. At the time the ante-nuptial agreement was executed no present interest vested in her and she did not become, by virtue of that agreement, entitled to any certain amount. Besides, the agreement was not to pay her any sum after his death, but to make a will in her favor. If he kept his agreement and made a will in her favor, the property would be taxable; and as the judgment of the Supreme Court to the effect that the devisees and beneficiaries under his will held the property as trustees for her benefit was a practical enforcement of his contract to make a will giving her all his property, the actual devolution of the property was the same as if the will had been made. Therefore the property was subject to a tax as in effect passing under the will. But in the matter under consideration the $2,000,000 was paid to the widow not because of the provisions of the will, but because of the terms of the ante-nuptial agreement, and the amount was fixed and determined and the method of payment directed and controlled by that instrument. In *Matter of Baker* the decedent made an ante-nuptial contract by which he agreed to pay $1,000 before the marriage, and if the marriage was consummated, and his wife should survive him, he agreed to make provision in his will for the payment of $20,000 to her from his estate. He died without making a will and the administrator of the estate paid the widow the sum of $20,000. The court held that it was a liquidated indebtedness of the estate, which should be discharged by the administrator like any other indebtedness, and was not subject to a tax. It seems to me that the ante-nuptial agreement entered into between the decedent and the person who is now his widow created an obligation on the part of the decedent

to give her $2,000,000 during his lifetime, or to pay her $2,000,000 within eighteen months after his death. As she survived him, and he did not make the payment during his lifetime, the obligation matured immediately upon his death, and his estate became liable to her in the sum of $2,000,000, and this was an indebtedness of the estate which was properly deducted by the appraiser. The order fixing tax will therefore be affirmed.

Order affirmed.