In the Matter of the Estate of WILLIAM EDGAR BAKER, Deceased.

Surrogate's Court, New York County, July, 1923.

**Transfer tax — legacy on condition of cancellation of bond — amount of bond not allowed as a deduction — deferred legacies.**

A transfer tax fixed on the full amount of deferred legacies instead of upon their value as of the time of the death of the life beneficiaries is erroneous.

The will of a resident decedent provided that if his wife did not within sixty days after the probate of his will deliver to his executors a release in discharge of a certain mortgage upon real property in another state she should receive such share from his estate as she would be entitled to had he died intestate. The will further provided that if the mortgage was discharged the wife should have the income of the entire residuary estate for life.   She canceled the bond secured by the mortgage and accepted the testamentary provisions made for her in consideration thereof.   *Held*, that the property transferred to her by the will was subject to a transfer tax under section 220 of the Tax Law and that she was not entitled to a deduction of the amount of the bond and whether the debt upon which no interest was ever paid was outlawed or was a valid obligation was immaterial.

APPEALS from order fixing transfer tax.

*Stetson, Jennings & Russell,* for executors.

*Charles A. Curtin (Isaac Sargent,* of counsel), for State Tax Commission.

FOLEY, S.   These are cross appeals by the executors and the state tax commission respectively from the order fixing the transfer tax.

The appeal of the executors on the ground that the deferred legacies were erroneously fixed on the full amount thereof instead of at their value as of the death of the life beneficiary is sustained.

The state tax commission appeals because the appraiser has allowed as a deduction from the assets the amount of a bond given by decedent in the year 1896 in the sum of $40,000 secured by certain real property in the state of Illinois.   No interest was ever paid on the obligation.

The decedent died November 7, 1921, a resident of New York county.

By the 6th paragraph of his will, he expressed the wish that his wife should deliver to his executors a release in discharge of the mortgages, but that if she did not do so within sixty days after the admission of his will to probate, then she should receive from his estate such share as she would be entitled to under the intestate laws of this state.   He further provided that if his wife should discharge the mortgage, she would have the income of his entire residuary estate for life.   Decedent's widow canceled the obligation and accepted the provisions made for her in consideration thereof.

The appeal of the state tax commission must be sustained.   It is immaterial whether the debt was barred by the statute of limitations or was a valid obligation.   The widow has elected to accept the provisions made for her in the will, in consideration of the discharge of the debt and having taken under the will, a tax accrues on the property so transferred to her.   *Matter of Gould,* 156 N. Y. 423.   The situation is similar to a case where a widow accepts a bequest or devise in lieu of dower.   Although dower is not a taxable transfer, the widow is not entitled to a deduction of the amount representing its value, if she elects to take the testamentary provision.   *Matter of Vivanti,* 206 N. Y. 656, affg. 146 App. Div. 942, affg. 63 Misc. Rep. 618; *Matter of Gale,* 83 id. 686; *Matter of Taylor,* N. Y. L. J. May 26, 1923; Chrystie Inheritance Taxation, page 671.   Furthermore, it is provided by section 230 of the Tax Law, as amended, that " No deduction shall be allowed from the appraised value of the property transferred, on account of any liability of

decedent, incurred or assumed by the acquisition, * * * of property without the state, the transfer of which is not subject to tax under the provisions of this article."

Submit order on notice modifying taxing order in accordance with this opinion.

Ordered accordingly.