In the Matter of the Estate of JOSEPHINE A. DUTCHER, Deceased.

Surrogate's Court, Queens County, February 17, 1936.

*Weissberger & Leichter*, for the appellant.

*Harry M. Peyser*, for the State Tax Commission, respondent.

*Maurice Brandt*, for the executors.

HETHERINGTON, S.   Decedent died on March 28, 1930, leaving a last will and testament which was admitted to probate in this court on November 10, 1930.   No provision having been made therein for the appellant, she instituted an action against decedent's executors to recover $50,000 damages predicated upon testatrix's breach of an oral agreement made in 1899, wherein she agreed, in consideration of certain transfers of real and personal property then made to her by the appellant and her husband, the son of decedent, to execute a last will and testament wherein she would bequeath and devise all her property to the appellant.   After a trial had in the Supreme Court the jury returned a verdict in favor of the appellant and against the executors for the sum of $28,056.71, the amount of decedent's estate.   The judgment entered thereon has been affirmed by the Appellate Division and the Court of Appeals. In proceedings had to fix the fair market value of decedent's property, the appraiser reported the same to be of the value of $22,798.64, and determined that the whole amount was taxable against the appellant, who now appeals from the *pro forma* order entered thereon.   She claims that the appraiser erred in failing to allow an exemption of $500 and in refusing to exempt decedent's estate from tax.

This case cannot be distinguished from *Matter of Kidd* (188 N. Y. 274). There, as here, the contract was one to make a will and not to convey. Testatrix, like Kidd, repudiated her agreement. In that case CULLEN, Ch. J. (at p. 278), said: "Had the deceased performed his agreement and given her his property by will the estate would have been subject to the tax." And (at p. 279): "It does not affect the question of the liability of the estate to taxation that in consequence of the failure of the testator to carry out his promise Mrs. Dickinson was obliged to resort to a court for relief."

The devolution of the property was held to have taken place under the will and subject to a transfer tax. The same result must be arrived at here. The fact that the transfer was made for a valuable consideration does not exempt it from tax. (*Matter of Howell*, 255 N. Y. 211). In that case the court (at p. 214) clearly pointed out that by the terms of section 220 of the Tax Law "valuable consideration and equivalent monetary value have no application to transfers by will or intestacy. They relate solely to such transfers as are effected in the manner described in subdivision 2." The transfer here is by will, and is, therefore, subject to a transfer tax. (*Matter of Gould*, 156 N. Y. 423; *Matter of Kidd, supra; Matter of Howell, supra.*)

In view of the fact that the transfer to the appellant is in excess of the value of $500, the whole amount thereof is taxable under subdivision 2 of section 221-a of the Tax Law. (*Matter of Bunce*, 222 N. Y. 31.) The order is, therefore, affirmed, in all respects.