William T. Collins, S.
This is an appeal by the executors from the pro forma order of the Surrogate, dated December 15, 1955, fixing the estate tax.
In the New York estate tax return filed for the estate the executors listed, under Schedule G-, as transferred during deceased’s life, a group of securities issued in the name of the deceased but endorsed by him in blank. These securities were concededly in the possession of the decedent’s wife at the time of his death. The appraiser included the securities under Schedule B as a part of the deceased’s taxable estate and rejected the contention of the executors that they had been the subject of a valid transfer during his lifetime.
Augusta Davidson, the widow- of the deceased, was called as a witness by the executor. When she was questioned concerning transactions with the deceased, which were intended to establish a gift of the securities to her by him, an objection was made by the attorney for the State Tax Commission under section 347 of the Civil Practice Act, and the objection was sustained. This ruling is attacked as erroneous by the attorneys for the executors who rely upon the decision of the Appellate Division in Matter of Gould (19 App. Div. 352 [1897] mod. on *208 other grounds 156 N. Y. 423) in support of their contention that the witness was competent to testify. In that case the question at issue was whether a legacy provided for in the will was not in actual fact an acknowledgment and discharge of a debt owed to George J. Gould who asserted a status both as a creditor and as a residuary legatee. The exclusion of his evidence was held error under section 829 of the Code of Civil Procedure, from which section 347 of the Civil Practice Act is derived. The case is clearly distinguishable from the facts which obtained here, however, for there the witness’s testimony would not have had the effect of diminishing the estate under any circumstances for his right to the property in question either as legatee or as a debtor was conceded so that the only issue was as to the nature of his interest. In addition, the transfer tax under the law prevailing at that time was imposed against the individual legatees rather than against the estate as an entity (Tax Law, art. 10-C). It will be seen therefore that the witness’s testimony was not offered in support of his claim against the estate which it could have no way affected.
Quite a different situation obtains in the present case for the widow is asserting a gift to her of the securities in question. Reviewing the offer of proof in this light it will be seen that the objection was well taken and the ruling proper for the widow was clearly a person interested in the event within the meaning of the statute so as to render incompetent her testimony in her own behalf against the estate. Since none of the elements of a valid gift was established on the remainder of the testimony the court holds that title to the securities was in the deceased at the time of his death and properly constitutes a part of his taxable estate. (Vincent v. Rix, 248 N. Y. 76; Matter of Van Alstyne, 207 N. Y. 298.)
Submit decree on notice dismissing the appeal.