# Wesco's Appeal.

1. In order to establish the indebtedness of a husband to his wife, for her money received by him before 1848, his admissions must be deliberate, precise, and consistent with each other.

2. A legacy to a creditor which is equal to or greater than his debt, and which is not contingent or uncertain, is presumed to be a satisfaction of the debt.

3. An auditor's report should find the facts, and not simply the testimony.

APPEAL from the Orphans' Court of *Lehigh county*.

Jonas Wesco, of Lehigh county, by his will, dated September 23d 1861, and proved July 1st 1863, after ordering the payment of his debts, amongst other things, gave to his wife, Sarah Wesco, the appellant, $2000, to be paid out of the first money which should come into his executors' hands, and directed the sale of certain lots of land, out of the proceeds of which one-half of this sum was to be paid. He also gave her half the grain produced on his farm, with other privileges on it, and (with her daughter) the use of a dwelling-house and lot belonging to him, during

widowhood, with some other things of smaller importance. The rest of his estate he left to collateral heirs, he being without issue.

The appellant alleged that her husband owed her $1400, her separate estate, which was made up from $516.87, the amount to which she was entitled from the estate of a former husband, distributed in 1840, and $1009.66, under the will of her father, which was payable to her after the 8th of July 1847. For this last sum, she and the testator, on the 29th of December 1849, joined in a release to her brother, on whose land it was charged, in which they jointly acknowledged the receipt of that sum. There was no other evidence that either of these particular sums had passed into the testator's hands. But there was evidence, that in 1846 he had built a barn, and had said on several occasions that he had got the money from his wife; that the sum was about $1400, and he intended to pay it back to her again. There was evidence also that the testator said he had willed his wife $2000; that she had earned it whilst she had been living with him.

The executors settled their account, and an auditor was appointed "to audit and re-settle the account, and make distribution according to law, and report facts."

As to this claim, the auditor reported: "In support of the aforesaid claim, Mr. Wright offered in evidence the auditor's report, on the account of the administrator of the estate of Conrad Meitzler, deceased, former husband of said Sarah, confirmed by the court, September 4th 1840, showing a distribution to the said Sarah of the sum of $516.87½; also a release, dated December 29th, A. D. 1849, executed and acknowledged by Jonas Wesco (the testator) and Sarah Wesco (the claimant), to Solomon Mohr, upon the payment of $1009.66 in full, for a certain legacy to said Sarah, under the will of her deceased father, and charged on certain real estate. In further support of said claim, Mr. Wright produced and examined under oath certain witnesses, whose evidence is contained in the notes of testimony hereunto annexed.

"After hearing the proofs, allegations and arguments of counsel, the auditor decided not to allow said claim, and therefore reports accordingly."

Exceptions to the report were filed by the widow, which, after hearing, were "dismissed, and the report of auditor confirmed by the court," no opinion being delivered.

*R. E. Wright* and *E. J. More*, for appellant.—The frequent admissions of the testator show that at least $1400 of the appellant's money passed into his hands, and that he intended to repay her.

If her money, received by him before 1848, was received as a loan, he became her debtor: Gochenaur's Estate, 11 Harris

460; Johnson v. Johnson, 7 Casey 450. The $1009.66 he did not receive till 1849, and therefore it is immaterial whether it was a loan or not. She would be entitled to interest for that got after 1848: Grabill v. Meyer, 9 Wright 534. The Statute of Limitations does not run against her: Kutz's Appeal, 4 Wright 90.

Where a legacy is given to a creditor, it will not be a satisfaction unless the intention be apparent on the face of the will, and courts lay hold of slight circumstances to ground an exception to the rule that a legacy is satisfaction of a debt. Thus, where the indebtedness was not contracted until after the execution of the will: Cranmer's Case, 2 Salk. 508; Jeffs v. Wood, 2 P. Wms. 132; Thomas v. Bennet, Id. 343. Where the legacy is at all contingent or uncertain: Nichols v. Judson, 2 Atk. 300. Where the legacy is not payable immediately after the death of the testator: Matthews v. Matthews, 2 Ves. Sen. 636. If the legacy and debt be of a different nature, it would form an exception: Bellasis v. Uthwatt, 1 Atk. 458; 2 Wms. on Ex'rs. 1060; Byrne v. Byrne, 3 S. & R. 54; 1 Eq. Cas. Abr. 203; 2 Salk. 508; 2 Vern. 177; Id. 258, 298; Talbot v. Shrewsbury, Prec. in Ch. 395. The direction of the testator that his debts should be paid, would control the case: 2 Wms. on Exrs. 1166. So also would the provision for the payment of the legacy, and his declaration as to her having earned the $2000 legacy.

*Schall & Stiles* and *S. A. Bridges*, for appellees.—The jurisdiction of the Orphans' Court is limited to the settlement of estates; and if Gochenaur's Appeal, 11 Harris 460, authorizes the consideration of cases like this, it is where there are no disputed facts.

The auditor and court below having decided on the facts, the Supreme Court will not reverse their decision: Dyott's Appeal, 2 W. & S. 557; Riddle's Estate, 7 Harris 431.

To counteract the presumption that the husband has reduced to his own possession his wife's money received before 1848, the evidence must be "positive, precise, clear and consistent:" Johnson v. Johnson, 7 Casey 453; Gray's Estate, 1 Barr 329; Hind's Estate, 5 Whart. 138; Gicker v. Martin, 14 Wright 138.

The rule that a legacy equal to a debt is a satisfaction is not to be overturned unless a contrary intention is manifested: 2 Wms. on Ex'rs. 1167–68; 6 Cowen 246; 12 Wend. 65; Eckert v. Zeigler, 6 Barr 13; Gochenaur's Estate, 11 Harris 460.

The opinion of the court was delivered, March 26th 1866, by

READ, J.—This case comes before us in a very unsatisfactory form. The claim of the widow is not stated in a distinct and precise form, nor any facts material to a decision of the case found by the auditor, who simply reports the evidence before him as

[Wesco's Appeal.]

annexed to his report. He decides against the claim in this manner: "After hearing the proofs, allegations and arguments of counsel, the auditor decided not to allow the said claim, and therefore reports accordingly."

He does not say whether his decision is based upon the law, or the facts, or both, and upon exceptions to the report, the court below assign no reason but simply dismiss the exceptions, and confirm the report of the auditor.

We are therefore left to grope our way through the testimony as well as we can.

The money received from the estate of the widow's former husband was received long before the Act of 1848, and if taken by the testator was his property. The $1009.66 received by the appellant was also the property of the husband if he chose to take it, as it was due before the Act of 1848; but the evidence shows it was paid to her, and it is not shown that it went into his hands.

Under this view, the declarations of indebtedness apply only to the first sum, and this in a vague and indefinite form, such as not in any way to come up to the distinct line marked out by our decisions. "In a word, the disclaimer of 'conversion by the husband to his own use of his wife's money must be clearly proved, either by acts or declarations at the time, or by subsequent admissions, which leave no doubt of the intent at the time:" 7 Casey 454. The admissions must be deliberate, precise and consistent with each other, which is not the case here, and whatever doubts may be thrown over it by the testimony, it is not sufficient to induce us to reverse the decision of the auditor and the court below.

But supposing it to be a debt for which the husband's estate is liable to the widow, it is objected that the testator has satisfied it by a legacy to her exceeding the amount of the debt.

The testator in his will, dated 23d December 1861, bequeaths to his wife a legacy in these words: "Second, I direct that my wife shall be paid the sum of two thousand dollars out of the first moneys that shall come to the hands of my executors." This legacy is not contingent or uncertain, and is payable immediately, so that it fulfils all the requisites which are necessary to make it a satisfaction of the debt. Nor would the subsequent provision for its payment seem to change this result.

"And to carry out this intent, I direct that my executors shall sell at public sale, immediately after my death, my lots at Wesco Station, numbers four, ten, sixteen and seventeen, and of the proceeds of said sale my said wife Sarah shall be paid the one-half thereof on account of said two thousand dollars."

Upon the whole, we cannot say the court below was in error. We would remark that an auditor's report should find the facts, and not simply report the testimony taken by him.

                                        Decree affirmed.