## GIBBONS VS. WOODWARD.

The rule that a legacy given to a creditor is to be presumed to be in satisfaction for the debt does not apply where the testatrix is a joint debtor with another.

A contingent legacy will not be presumed to be in satisfaction of a debt due by the testatrix.

Error to Common Pleas of Fayette County. No. 235 January Term, 1883.

The facts of the case are set forth in the opinion of the Common Pleas entering judgment in favor of the plaintiff on a reserved point, which was delivered December 22, 1882, as follows, per

WILSON, P. J. :

This is an action brought by John Woodward against Isaac W. Masters and Elisha P. Gibbons, executor of the last will and testament of Hannah Masters, deceased. The former not being served, trial was had as to the executor alone. Suit was brought upon a note under seal, dated the 15th of July, 1860, and signed by Isaac W. Masters and Hannah Masters, in which the makers jointly and severally promise to pay to John Woodward or order the sum of $550 with interest from date. The execution of the note was not denied, but it was claimed

on behalf of the defendant, the executor, that said note had been fully satisfied by a legacy given by Hannah Masters to the plaintiff in her last will and testament. And in support of this defence said will was offered in evidence, bearing date the 29th day of December, 1870, together with a codicil thereto dated the 14th of July, 1876, said will having been duly admitted to probate the 9th day of October, 1876, and containing a bequest to the plaintiff of the sum of $1,600. Evidence was offered showing that the executor had paid to the plaintiff said legacy. The jury found for the plaintiff for the amount of the note and interest, subject to the opinion of the Court, on the question, whether plaintiff's claim was satisfied by said bequest.

In Byrne vs. Byrne, 3 S. & R., 54, it is said that "A rule has prevailed that wherever a person, by his will, gives a legacy as great or greater than the debt he owes to the legatee, such legacy shall be a satisfaction of the debt on the presumption that a man be intended just before he is bountiful, and that his interest is to pay a debt and not to give a legacy; 1 Eq. Abr., 203, etc. The rule itself is not founded in reason, and often tends to defeat the bounty of testators, and able chancellors have thought it more agreeable to equity to construe a testator to be both just and generous where the interests of third persons are not affected. And Courts of justice will now lay hold of slight circumstances to get rid of the rule. Legacies are considered as gratuities and are always construed favorably." See also to the same effect Horner's Executors vs. McGaughy, 12 P. F. Smith, 189. In this case the legacy is much greater than the debt owing by the testatrix to the legatee, and is made payable out of the real and personal estate of the decedent. So that apparently the debt would be satisfied by the legacy. But an examination of the authorities and a consideration of the will itself has led us to the conclusion that there is nothing contained in the will of Mrs. Masters that bars the plaintiff from maintaining this action. Not having had access to the English Reports, where the most of the cases involving similar questions are to be found, we cannot say whether in any of them it has been decided that the presumption of satisfaction arises where the testator is a

co-debtor, or only in those cases where the testator is solely indebted to the legatee. Nor have we found any American case bearing upon this point.

We cannot see how a testator can be presumed to have intended the satisfaction of a debt, for which another person was equally bound, and for the payment of which the testator could not know that any demand would ever be made upon his estate, nor is it plain that the testator would have the right by giving a legacy to his creditor, to prevent said creditor from compelling payment of the debt by the surviving co-debtor. If the debt can thus be satisfied by a legacy, it would seem that the testator's estate might call on the co-debtor for his portion of the debt so satisfied, and in a case of surety and principal, the principal might be compelled to pay back the whole of the debt to the surety's estate, so that said estate having, by payment of the legacy, satisfied the debt, would then receive the debt back from the principal co-debtor, thus virtually being relieved from the payment of both legacy and debt. We are therefore of the opinion that as Mrs. Masters was a co-debtor to the plaintiff with Isaac Masters, the rule as to satisfaction of a debt by legacy, does not apply in this case.

But even if it should be held that the rule does apply in the case of joint debtors, where one of them gives a legacy to the common creditor, we still think the rule will not apply in the present case. As already stated "Courts of justice will lay hold of slight circumstances to get rid of the rule." Hence it has been held that a legacy shall not be deemed a satisfaction of a debt "where the legacy is of the whole or part of a residue. For it may possibly turn out after all the claims on the testator's estate are satisfied that such legacy is not of equal amount with the debt," or "where there is an express direction in the will for the payment of all debts and legacies ;" Williams on Executors, vol. 2, 1407—1409.

The will of Mrs. Masters contains the following item: First —After all my lawful debts are paid and discharged the residue of my estate, both real and personal, I give and dispose of as follows:" Then comes the legacy to the plaintiff of $1,600, and to her son, Isaac of $100, followed by a bequest to the

3 Wa 20

plaintiff of a feather bed and bedding, and then giving the balance of her estate to her granddaughters. So that it appears that the legacy to the plaintiff was a part of the residue of testatrix's estate, and it depended upon the amount of her debts, whether the legacy would be equal to or greater than the amount of the note held by the plaintiff. It is true there is no contest in regard to the sufficiency of the estate to pay the debts and the plaintiff's legacy. But that cannot affect the rule just referred to, where the legacy is part of a residue—it is contingent and uncertain, being dependent upon the amount of the residue after the claims on the testator's estate are paid. Again, as to the second exception, laid down in Williams on Executors, (*ut supra*), while the will of Mrs. Masters does not contain in one connected sentence "a direction for the payment of all debts and legacies," yet in the different parts of the will such an express direction can be found. We take it that the words, "After all my lawful debts are paid and discharged," are sufficiently explicit and direct as to the payment of debts, even if it were necessary that there should be a general direction in the will for the payment of testatrix's debts. But such direction, in this State, is a mere matter of form, and not necessary. See Byrne vs. Byrne *ut supra.* Having thus a provision for the payment of debts, we come to that part of the will which refers to the payment of the legacies to the plainttff and to her son, which is as follows: "To my brother, John Woodward, $1,600; to my son, Isaac Masters, $100. The aforesaid money to be made out of the sale of the real estate on which I reside." So that we not only have the testatrix giving a legacy to the plaintiff, but we also have her providing how it shall be paid—by the sale of her real estate. But this is not all. In the codicil the testatrix provides that, "If my real estate should prove insufficient to pay the within mentioned bequests to John Woodward and Isaac Masters, I hereby direct my executor to pay the deficiency out of my personal property." Hence we think it is very plain by the terms of the will that all debts should be paid; that out of the residue remaining after the payment of said debts, said legacies were to be paid—out of the real estate, if sufficient, and if not, then out of the personal property. So that we are

of the opinion that the will contains a positive direction for the payment of all debts and legacies, and, therefore, the presumption of satisfaction arising from the gift of the legacy to John Woodward, the plaintiff, is counteracted by other parts of the will. For the foregoing reasons we are of the opinion that the case is with the plaintiff on the reserved question, and the motion of defendant for judgment, *non obstante verdicto*, must be denied.

---

The will and codicil of Hannah Masters were as follows:

In the name of God, amen. I, Hannah Masters, of Luzerne township, Fayette county, Pa., being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do therefore make, ordain, publish and declare this to be my last will and testament. That is to say, first, after all my lawful debts are paid and discharged, the residue of my estate, both real and personal, I give and dispose of as follows, to wit: To my brother, John Woodward, $1,600, and to my son, Isaac Masters, $100.00, the aforesaid money to be made out of the sale of my real estate on which I reside. I also give to my brother, John Woodward, one good feather bed and bedding; the balance of my estate of whatsoever nature I give to my grand-daughters, Elizabeth and Mary Masters, daughters of Isaac Masters, to be be divided between them share and share alike. Likewise I make, constitute and appoint E. P. Gibbons to be executor of this my last will and testament, hereby revoking all former wills by me made. In witness I have hereunto set my hand and seal Sept. 29, 1870.

I, Hannah Masters, being of sound mind, do make and publish this as a codicil to my last will and testament, that is to say, if my real estate should prove insufficient to pay the within mentioned bequests to John Woodward and Isaac Masters, I hereby direct my executor to pay the deficiency out of my personal property. In witness whereof I hereunto set my hand and seal July 14th, 1876. It is my wish that Mary Masters shall have my silver teaspoons.

---

E. P. Gibbons, the executor of Hannah Masters, then took a

writ of error, complaining of the entry of judgment, as aforesaid.

W. H. Playford. Esq., for plaintiff in error, cited Horner vs. McGaughy, 62 Pa., 191; Byrne vs. Byrne, 3 S. & R., 54; Wesco's Appeal, 52 Pa., 195; Eckert vs. Zeigler, 6 Pa., 13.

R. H. Lindsey, Esq., contra, cited, inter alia, Matthews vs. Matthews, 2 Vesey, Sr., 636; Hinchcliffe vs. Hinchcliffe, 3 Vesey, 529; Jeffries vs. Mitchell, 20 Beavan, 15; Chancey's Case, 1. P. W., 408; Richardson vs. Greese, 3 Atkins, 65; Clark vs. Sewell, 3 Atkins, 96; Byrne vs. Byrne, 3. & R., 54; Horner vs. McGaughy, 62 Pa., 190.

The Supreme Court affirmed the judgment of the Common Pleas on February 18th, 1884, in the following opinion,

PER CURIAM:

There was no error in entering judgment in favor of the defendant in error on the point of law reserved. The language of Mrs. Master's will sufficiently rebuts any presumption that by the legacy to him she intended to extinguish the debt which she and her son Isaac owed him. She first directs all her debts to be paid. After this is done, then she gives a legacy to him and one to Isaac, and directs the money to pay them shall be made out of the sale of her real estate on which she resided. In thus providing for the payment of the whole legacy, she clearly negatives the idea that the debts she owed him should operate to extinguish any portion of the legacy. The debt due him was not from her alone. It was a joint and several note. The legacy to him was contingent on the sufficiency of the estate to pay the legacy to Isaac as well as the one to him.

Judgment affirmed.