## Estate of Martha Hardeman, Deceased.

*Wills—Legacies—Satisfaction of claims—Board and nursing.*

A legacy by a testatrix to a claimant against her estate for board and nursing, "in consideration of the kind treatment and services rendered" by claimant will not be construed in satisfaction of the debt, where a greater part of the service was performed after the execution of the will, and it contained an express direction for the payment of debts.

Argued March 12, 1925. Appeal, No. 11, March T., 1925, by Margaretta Tracy, from decree of O. C. York

Co., in the Estate of Martha Hardeman, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Exceptions to auditor's report. Before WANNER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned* was the decree of the court.

*John A. Hoober,* for appellant.

*George Hay Kain,* and with him *Richard E. Cochran,* for appellee.

OPINION BY KELLER, J., April 28, 1925:

The facts in this case are not in dispute. Early in May, 1922, the decedent, a resident of York, Pennsylvania, went to the home of her sister, Margaretta Tracy, in Berryville, Virginia, and with the exception of a brief period in the early part of June, when she went back to her own home, she lived with Mrs. Tracy until her death, September 9, 1922. Before going to Berryville she had lived for nearly a year with her brother in Loch Raven, Maryland, under a contract by which she agreed to pay her brother's wife $25 a week for board and lodging and such nursing as she required. She was suffering at the time from cancer of the thigh bone, but was able to be about. There is no evidence to prove that she went to Mrs. Tracy's home at the latter's solicitation or request. Mrs. Tracy was employed at service when the decedent came, and receiving $15 a week. This she was obliged to give up on the coming of decedent. During her trip home, on June 3, 1922, the decedent made her will. In it she included the following bequest: "In consideration of the kind treatment and services rendered me by my

sister, Margaretta Tracy, I give, will and bequeath to her the said Margaretta Tracy, the sum of Five hundred dollars, free from inheritance tax." Shortly after her return to the Tracy household she grew worse, became bedridden and helpless and remained so until her death. During this period she told at least one witness that if she did not live to pay Mrs. Tracy for her services, her estate was to pay her, and this was communicated to her sister. Mrs. Tracy presented a claim before the auditor appointed to make distribution, of $15 a week from May 8, 1922, to September 8, 1922, a period of seventeen weeks, covering board, lodging and nursing. The reasonableness of the amount claimed was not disputed, but the auditor and the court below held that as the legacy given the claimant in the will was greater than the amount of her claim, there could be no award made to her for her services.

We are not able to concur in this ruling, especially as respects the services performed by the claimant after the date of the will, June 3, 1922. Claimant was not a member of decedent's household, as in Brown v. McCurdy, 278 Pa. 19, 22. She suffered an actual money loss of $15 per week through decedent's coming to her home, without considering the trouble and expense involved in feeding and caring for her. The legacy does not purport to be given in payment of services rendered and to be rendered until the testatrix's death, but rather expresses the consideration or motive which impelled the gift. At most it contemplates a recompense by will for services rendered at the date of the will: Walter's Est., 24 Pitts. L. J. 49 (HAWKINS, J.). It would require a clear intent apparent in the will to make it include payment for services to be rendered in the future: Horner v. McGaughy, 62 Pa. 189, 192; Sprenkle's App., 1 Monaghan 402, 403, 409. Thus in Fowler v. Fowler, 3 P. Wms. 354, 355, the Lord Chancellor said: "The legacy could not be pretended to be a satisfaction of a debt incurred after the date of the will." In Cranmer's Case, 2 Salk. 508, the

Opinion of the Court. [85 Pa. Superior Ct.

Lord Chancellor said: "And as to the debt contracted afterwards, there was no pretence to make this [the legacy] a payment of that"; and in Thomas v. Bennet, 2 P. Wms. 342, 343, it was "resolved without difficulty that this debt being contracted subsequent to the will, the legacy could be no satisfaction of the same." It is also to be noted that the will in the present case contained an express direction for the payment of all testatrix's debts, which has been held to be of some force in considering whether a legacy was intended as payment of a debt due by the testator to the legatee: Gibbons v. Woodward, 3 Walker 303, 307.

We are constrained to sustain the 2d, 3d, and 4th amended assignments of error. The decree is reversed and the record remitted to the court below with directions to award the appellant on account of her claim the sum of $195, representing thirteen weeks' board and nursing at $15 per week. Costs to be paid out of the estate.