## Geddes Estate.

*Decedents' estates—Contracts—Husband and wife—Contract for maintenance of child—Wills—Trust fund.*

The creation of a testamentary trust for the maintenance and education of a son does not extinguish a contract, made by the decedent with a former wife, whereby he agreed to pay her a monthly sum for the support of the son. The trust fund was not a substitution for the contract between the decedent and his former wife and her rights in that contract could not be taken from her

466, (1927).] Syllabus—Opinion of the Court.

without compensation. The fact that both instruments provide for the same beneficial object is not controlling. The two are not *ejusdem generis*.

Argued April 14, 1927. Appeal No. 177, April T., 1927, by John A. Hartman and Ralph W. Maneval, Executors, from judgment of C. P. Somerset County, September T., 1926, No. 195, in the case of Ruby Pauline Geddes v. John A. Hartman and Ralph W. Maneval, Executors of the Estate of William T. Geddes, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on a written contract. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,117.90, and judgment thereon. John A. Hartman and Ralph W. Maneval, Executors of the Estate of William T. Geddes, deceased, appealed.

*Error assigned*, among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Chas. H. Ealy*, and with him *Charles F. Uhl*, of *Uhl & Ealy*, for appellants.

*Joseph Levy*, for appellee.

OPINION BY TREXLER, J., July 8, 1927:

This was an action in assumpsit brought by the former wife of the decedent, from whom he had been divorced in the year, 1918, against his executors to recover certain payments accruing since his death by virtue of an agreement from which the following is an extract: "It is further agreed between the parties

hereto that the said William Tecumseh Geddes shall and will pay the sum of Thirty-five ($35.00) Dollars a month to the said Ruby Pauline Geddes toward the maintenance and support of William T. Geddes, Jr., a minor child of the said William Tecumseh Geddes and Ruby Pauline Geddes until the said child shall reach its majority and that by reason of such payment the said William Tecumseh Geddes shall be relieved from further contributions toward the maintenance and support of said child.'' The payments were made until January 1, 1924. Geddes died February 12, 1924, and his will was probated the same month.

In his will we find the following: ''I give, devise, and bequeath the sum of Ten Thousand ($10,000.00) dollars to the Windber Trust Company, a corporation created and existing under the laws of Pennsylvania, its successors and assigns, in trust to invest the same, and use and apply the income thereof and principal as required in its judgment, to pay the expenses of the maintenance and education of my son, William T. Geddes, Jr., and such part thereof as shall not be required or used for said purpose be paid to my said son when he shall have attained the age of twenty-five years.'' The executors of the decedent paid to the Windber Trust Company, the trust sum provided in the item above quoted and it in turn paid sixty dollars a month to the plaintiff covering for the period involved in this suit. The scrivener who wrote the will stated that the testator had at the time the will was drawn said that he wanted to provide for the support of his son in the will instead of by the agreement; ''he wanted to give him a larger amount.'' On the trial of the case, there being no dispute as to the facts, the court directed a verdict to the plaintiff for the whole amount of her claim.

The appellant contends that the bequest to the Windber Trust Company as trustee extinguished the

contract upon which this suit is founded. The authorities relied upon by the appellant are those which hold that a bequest by a testator of a legacy as great or greater than the debt is presumed to be a satisfaction of it. Wesco's Appeal, 52 Pa. 195. We do not think that the above case and those following it rule the present one.

The creation of the trust in the hands of the Windber Trust Company was not a substitution for the contract between this decedent and his former wife; and her rights in that contract could not be taken from her unless they were fully compensated for. The agreement and the will, although having the same object in view, are not alike in their provisions. The period which is provided for is not identical, there being four years added by the will. The principal sum under the will is paid to the son of the decedent upon his arrival at the age of twenty-five years, whilst the agreement with the wife ends with the monthly allowance when he arrives at his majority. The legacy is for the child and the contract is with the mother. Mrs. Geddes has no legal claim on the trust fund. If any rights of the child are to be claimed as to it, the claim must be made on his behalf. The written contract is an absolutely non-conditional promise to pay to her as long as she supports her son, whilst the will provides that the trustee shall exercise its judgment as to what is required. The two are not ejusdem generis. Mrs. Geddes has control over the contract and is in a position to enforce it. She has no standing directly to enforce the trust created under the will and has no control over it.

The appellant argues that the evidence of the scrivener shows the intention of the testator. There is no ambiguity in the will. If the testator had so desired, he could have directed the trustee to pay to the widow each month the sum which is due under the agreement.

This would not have changed the agreement, but would merely have been a provision to carry it out. Parol evidence cannot change the express language of the will. Mizener's Estate, 262 Pa. 62; P. & L. Digest 10,313.

The decree of the lower court is affirmed.