# In the Matter of the Estate of HYMAN SHARFF, Deceased.

Surrogate's Court, Kings County, April 16, 1932.

*Irving L. Kasofsky*, for the appellant.

*Harry M. Peyser*, for the State Tax Commission.

*Benjamin A. Hartstein*, for claimant Elizabeth B. Keller.

WINGATE, S.   This is an appeal from a *pro forma* order of this court, confirming, *inter alia*, the determination of the transfer tax appraiser appointed in this estate in assessing a tax upon the legacy of $10,000 given by the twentieth item of testator's will to Elizabeth Bulogh, now Elizabeth Bulogh Keller.

The alleged basis of this appeal is that the sums directed to be paid to the legatee were determined by this court to be due her as compensation for services performed for the testator during his life, and not as a testamentary benefit.

Even a casual reading of the record leading up to and making the determination of appellant's rights against the estate, renders it well nigh impossible to comprehend the misconception which counsel for the appellant apparently entertains respecting the basic nature of this appellant's recovery.

Her first proceeding before the court was an application for a determination that the $10,000 legacy given her under the twentieth item of the will, on condition that at testator's death she was still in his employ, was entitled to a preference over other general legacies. This question was one of moment in view of the inadequacy of the assets of the estate to pay all of the testamentary benefits in full. This application was denied in the absence of any evidence that the named legatee was, as she claimed, a creditor of the decedent and that consequently the benefit in the will was intended to effect a solution of an obligation of the decedent to her. The later proceeding, which resulted in the opinion of this court reported in 136 Miscellaneous Reports, 627, was, as tried, merely a renewal of the former application. On the latter occasion, however, this legatee introduced evidence to the effect that she had long been an employee of the testator and of the latter's wife, who had predeceased him. Proof was adduced that such service had extended over a period of approximately thirteen years; that extraordinary services had been rendered, and that testator had frequently expressed his sense of obligation to the present appellant in consequence, and had, on several occasions, made promises to recompense her for the services which he felt she had rendered over and above those for which she received direct compensation, by leaving her a substantial bequest in his will.

No testimony was adduced on behalf of the claimant which indicated anything in regard to the nature of these alleged excess services or their value. Furthermore, they were demonstrated to have extended for a period far beyond that within which, under the Statute of Limitations, any recovery could be had. The sole effort of the claimant was to demonstrate an existing obligation, recognized by the testator, partly moral and partly legal in nature, which would bring her within the rules for preference in the payment of her legacy noted in *Matter of Smallman* (138 Misc. 889, at p. 907), and thus entitled her to have her legacy paid in full and not to undergo the *pro rata* abatement to which it would have been subjected had it been merely an ordinary general legacy.

This situation is clearly reflected in the second paragraph of the opinion of this court in deciding the question (136 Misc. 627, 628). This read: "As a result of the testimony adduced on the hearing, all parties are agreed that the legacy to Elizabeth Bulogh, who was decedent's housekeeper, is entitled to preference by reason of the fact that it was given in payment for services rendered and thus founded upon a valuable consideration. (*Matter of Woodbury*, 40 Misc. 143, 148; *Matter of Schaaf*, 120 id. 292, 294.)"

On June 24, 1930, a formal decision was made by the court

covering the point, which read as follows: "Testimony was adduced before me indicating that the legacy of $10,000 to Elizabeth Bulogh, who was decedent's housekeeper, is entitled to preference by reason of the fact that it was given in payment for services and thus founded upon a valuable consideration. I find and decide that this legacy should be paid in full."

Lastly, the decree, which is the sole charter of the appellant's present rights, after fully reciting the procedural steps and determination hereinbefore reviewed, read: "Ordered, adjudged and decreed, that the legacy to Elizabeth Bulogh Keller is entitled to preference and to be paid in full with interest earned, and the executor is hereby ordered and directed at this time to pay $7,500 thereof and the earned interest thereon of $300 unto said Elizabeth Bulogh Keller, and the balance of $2,500 and earned interest thereon to be retained by the executor to pay the transfer taxes and any indebtedness due from the said Elizabeth Bulogh Keller to the executor for rent and use and occupation of the property of the decedent for the period subsequent to the death of the deceased and the same to be the subject of a future accounting; and it is further

"Ordered, adjudged and decreed, that the preference of the legacy of said Elizabeth Bulogh Keller and the payment thereof is in full and complete satisfaction of any and all claims of every kind, nature and description of the said Elizabeth Bulogh Keller against the Estate of the deceased * * *."

It may be noted in passing that the first decretal paragraph above quoted expressly recognized the obligation of this appellant for the payment of the transfer taxes upon the legacy thus awarded to her, and directed the retention of a portion of her benefit for this purpose.

It is entirely true, as noted by the Court of Appeals in *Matter of Gould* (156 N. Y. 423, 426), that where a person is a creditor of a decedent, and the latter attempts to make payment of his obligation by a testamentary gift, the creditor has the option of accepting the benefit in solution of the indebtedness, or of rejecting it and seeking recovery on the debt. If the latter alternative is adopted, the claimant's position is obviously merely that of any other creditor and he must establish the justice and amount of his claim in the same manner which is required of any creditor not mentioned in the will. If, however, he elects to take the legacy in satisfaction, he is held strictly to his election and cannot recover upon his claim. Upon adopting this alternative, however, he is, in the ordinary case, obliged neither to prove the extent

nor value of his debt, resting solely upon the terms of the testamentary document. The only case where the proof of the existence of an obligation to him by the testator becomes pertinent is where the assets of the estate are inadequate to pay all testamentary benefits in full. Under such circumstances, the existence of the obligation becomes pertinent, but solely as raising an inference that the testator intended this particular benefit to be paid in full in preference to other like legacies given under the will. (*Matter of Smallman, supra.*)

In the case at bar the latter is precisely the position which the present appellant adopted. She elected to accept the testamentary benefit in solution of such obligations as may have existed to her from the decedent. She sought a preference in the payment thereof, and whereas her proof was adequate for the purpose of giving rise to a presumption of testamentary intent to prefer her, it would not have been sufficient in any view to enable her to recover a cent on her claim as such. All that the court decided or was asked to decide was that the relations between the claimant and the testator were such as to raise an inference of a testamentary intent that the legacy in item twentieth of the will was to be paid in full in preference to certain other general legacies contained in that document.

On the record, therefore, the sole right of the appellant to receive any moneys whatsoever from the estate arose by reason of the terms of the will. She takes thereunder and consequently falls within the description of subdivision 1 of section 220 of the Tax Law (as amd. by Laws of 1928, chap. 330) and is taxable according to its terms. (*Matter of Gould*, 156 N. Y. 423; *Matter of Howell*, 255 id. 211.)

The appeal is, therefore, in all respects dismissed.

Proceed accordingly.