## Dembinski's Estate.

Argued May 23, 1934. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward Friedman,* with him *Charles J. Margiotti* and
*John A. Ignasiak,* for appellants.

*Frank A. Bliley,* with him *Thomas S. Mszanowski,* for
appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1934:

Appellants, who take the undisposed of estate of the
decedent, insist that the legacy of $3,000, bequeathed
by him to Mary Wojewoda was given in payment of a
debt of $2,500, due by him to her, and not as a bounty,
and that she is not entitled to receive payment of both
debt and legacy. The court below determined otherwise
and awarded to the appellee the indebtedness due to
her and the legacy.

The testator was a priest; Mary Wojewoda was his
housekeeper. She had been so employed by him for
many years. Their relation was like that of brother
and sister. His indebtedness to her is admitted. It is

evidenced by his notes. The will was written by another priest and the clause in question is as follows: "I give, devise and bequeath the sum of Three Thousand Dollars to Mary Wojewoda; this sum also secured by the above mentioned policy, in the Metropolitan Life Insurance Company of New York City, U. S. A."

The contention of appellants is that, as the legacy is approximately equal to the debt, and as at the time of writing the will testator disposed of all his property, and at that time there would have been insufficient assets unless the will is so construed as to treat the legacy as a payment of the debt, and as there is no direction in the will to pay debts, we should hold that the legacy was given to appellee in payment of decedent's indebtedness to her. Nothing in the will itself so indicates. To reach such conclusion we would have to surmise. In order to consider a legacy as payment of a debt the indication must be clear and certain. It cannot be said that it is here. It is only in cases where the legacy is equal to or greater than the debt that the legacy may be treated as given in payment: Wesco's Appeal, 52 Pa. 195; Schoenberg's Est., 38 W. N. C. 519; Byrne v. Byrne, 3 S. & R. 52. Here the debt at the time the decree of distribution was entered amounted with interest to $3,528.40 and the legacy after the payment of the collateral inheritance tax was but $2,700.

We are not concerned with the value of the estate when the will was signed, if the value of the estate is to be considered a factor in determining the testator's intention, but with its value at the death of the testator. The will took effect and spoke as of that time: Wills Act of June 7, 1917, P. L. 407, 20 P. S., section 221; Peterson's Est., 242 Pa. 330; Thompson v. Wanamaker's Trustee, 268 Pa. 210; Morris's Acct., 298 Pa. 540. That there was no direction in the will to pay debts is of no moment. Such a direction in Pennsylvania is a mere matter of form: Mayer's Est., 289 Pa. 407; Byrne v. Byrne, supra.

The proper line of approach in cases of this character is that pointed out by one of the greatest of our orphans' court judges, Judge PENROSE, in Schoenberg's Est., supra: "The presumption that a legacy is intended as satisfaction of the testator's debt to the legatee, which in all cases yields to very slight indications of a contrary intent (Horner v. McGaughy, 62 Pa. 191), only arises where the legacy equals or exceeds the debt (Wesco's Appeal, 52 Pa. 195), is demandable at the same time (Edelen v. Dent, 2 Gill & Johns. 185), and in every respect is no less beneficial to the creditor: Story's Equity, sections 1100-1104. In the present case, while the legacy and the face of the note are for the same sum ($3,000), the note, which was given seven months before the execution of the will, calls for interest from its date, while the legacy would not begin to bear interest until one year after the death of the testatrix, which, in point of fact, did not occur until interest had accrued to an amount in excess of one-fifth of the original debt. It is very clear, therefore, that there was no presumption that satisfaction was intended, and an intention that the gift should be so accepted cannot, of course, be established by parol."

Appellants attempted to prove by the scrivener that the intention of the testator in giving the legacy was to pay the debts. Such testimony was inadmissible: Schoenberg's Est., supra; Cloud v. Clinkinbeard's Exrs., 48 Am. Dec. 397; Wallize v. Wallize, 55 Pa. 242; Willard's Est., 68 Pa. 327; Mizener's Est., 262 Pa. 62; Root's Est., 187 Pa. 118; Best v. Hammond, 55 Pa. 409.

The decree is affirmed at appellants' cost.