## Steelman Estate

*John W. Wellman,* for accountant.

*Martin F. Hatch,* for claimant.

*Paul R. Sand* and *Vincent J. Labrasca,* for creditors.

VAN RODEN, P. J., September 11, 1958.—Decedent died April 15, 1954. By his will he bequeathed a legacy of $2,500 unto his mother, and devised and bequeathed the residue of his estate unto his widow.

The mother has filed a claim against decedent's estate based upon a promissory note in the sum of $2,000 executed by decedent under date of November 28, 1953.

The said note which was in decedent's handwriting reads as follows: "Nov. 28, 1953. This is a promissary note-11-28-53; In the event of my mother's death I promise to pay to her estate the sum of two-thousand dollars ($2000.00). Ralph S. Steelman"

Thereafter, on April 11, 1954, decedent executed his will wherein he bequeathed "everything I have to my wife, Eileen, providing she give my mother, Florence M. Walton, $2500.00 from the Hancock Ins. policy on my life, immediately."

The accountant resists payment of the note on the ground that the note is conditional upon claimant predeceasing decedent and on the further ground that the legacy of $2,500 in the will amounts to a satisfaction of the alleged debt of $2,500.

It is the position of the accountant that the note is not payable to claimant but rather to "her estate", that claimant will have no "estate" until her death and that therefore no payment is due at this time.

The court is not impressed with this argument. The note was written by decedent in his own handwriting and is lacking in the formality usually associated with promissory notes. It seems clear, however, from the reading of the entire note, that it was decedent's intention to record by his writing an obligation to pay his mother the sum of $2,000, with the further expression of intention to pay her estate said sum in the event of her prior death. Although the note does not contain

an expressed time for payment, the law will presume that it was due on demand.

Granting the validity of the note, payment must nevertheless be denied by reason of the established principle of law that a legacy to a creditor of a testator equal to or greater in amount than the indebtedness will be presumed, in the absence of anything to indicate a contrary intention, to have been intended as a satisfaction of the debt: Dembinski's Estate, 316 Pa. 61 (1934).

The court is unable to find in the language used by testator in his will or in any evidence submitted on behalf of claimant any indication of a contrary intention in the instant case. We have a simple case of a debt of $2,000 and a legacy of $2,500, without more. Accordingly, the presumption is operative and the legacy must be deemed to have been given in satisfaction of the indebtedness.

The circumstances of the case would tend to strengthen the presumption rather than to rebut it. The sole asset of decedent's estate was his motor freight express business which he operated under the name of "R. S. Steelman Express," which has been appraised for inventory purposes at $11, 991.48. The debts and expenses of administration amounted to $10,387.96. Accordingly, at the time of decedent's death his business had but little value. It is to be assumed that he realized his financial condition when he executed his will just four days prior to his death. It seems clear that the provision in his will for the benefit of his mother was to insure payment of his indebtedness to her rather than to exhaust his entire estate for the benefit of his mother to the exclusion of his widow.

Accordingly, the claim of the mother for payment of the debt of $2,000 in addition to the legacy must be dismissed.